confirmation order new act cases.wpd

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERIC V JOHNSON, | ) | CASE NO.  14-21633 JPK |
| | ) | |
| Debtor(s) | ) | |

### ORDER CONFIRMING PLAN

The Chapter 13 Plan of the above captioned Debtor(s) came on for a confirmation hearing before the undersigned Bankruptcy Judge in his Courtroom on January 26, 2015.  The Chapter 13 standing Trustee appeared in person or by counsel.  The Debtor appears by counsel.

The Trustee reports to the Court that based on examination of the Debtor(s) and the Plan that the Plan may be confirmed upon resolution of matters addressed at the confirmation hearing, if any.

It appears to the Court that the Chapter 13 Plan, including the Debtor's declarations contained therein, has been transmitted to all creditors, parties in interest, or persons or entities whose rights are affected in any way by the Plan, and that due notice of hearing on confirmation has been given.  The Court being duly advised in the premises hereby makes the following findings:

1. That the Plan, including any modifications made by order of the Court, complies with the provisions of Chapter 13, and with other applicable provisions of Title 11, United State Code.

2. That any fee, charge, or amount required under 28 U.S.C. Chapter 123, or by the Plan, to be paid before confirmation has been paid.

3. That the Plan has been proposed in good faith and not by any means forbidden by law, and the action of the Debtor(s) in filing the petition was in good faith.

4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7, Title 11, United States Code, on such date.

5. That with respect to each allowed secured claim provided for by the Plan, the Plan complies with 11 U.S.C. § 1325(a)(5).  Whether or not expressly provided in the Plan, with respect to allowed secured claims provided for under 11 U.S.C. § 1325(a)(5)(B), pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) every holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-

confirmation order new act cases.wpd

     bankruptcy law, or discharge under 11 U.S.C. § 1328 and, if this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.  Any contrary provision in the plan is superceded by this order.

6. No party-in-interest has asserted or established that the Debtor(s) has/have not satisfied the requirements of 11 U.S.C. § 1325(a)(8) and (9).

7. That the Debtor(s) will be able to make all payments under the Plan and comply with the Plan.

8. To the extent that 11 U.S.C. § 1322(d)(2) requires the Plan to provide payments over a period of not longer than three years, the Court determines that cause exists to extend the period of payments to that provided for by the Plan.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**  that the Plan (as modified by modifications approved by the Court in advance of the entry of this order, which modifications are deemed to be included in the Plan submitted to the Court for confirmation pursuant to 11 U.S.C. § 1323(b) [including modifications made by the Court at the hearing on confirmation]) be and the same hereby is confirmed, subject to the following terms, conditions and restrictions, and that this order shall control over any Plan provision that is inconsistent herewith:

1. That notwithstanding any provision in the Debtor's Plan that the Debtor is to act as the Disbursing Agent regarding any post-petition payment, the Debtor shall make any such payment to the Trustee who thereafter will act as Disbursing Agent as to any such payment.

2. That in the event that the Debtor does not cause the Plan payments to the Trustee to be timely made as required by the Plan as confirmed, or as hereafter modified, the Trustee may request, without notice and hearing, that the Court Order any entity from whom the Debtor receives income to pay all or any part of such income to the Trustee pursuant to 11 U.S.C. §1325(c).

3. That the application by the attorney for the Debtor(s) for the allowance of attorney fees for services rendered to the Debtor(s) having been considered, the Court finds that a reasonable fee for the routine and ordinary services performed or to be performed and undertaken by said attorney is $ 3,400.00 of which $ 900.00  was paid to said attorney prior to the filing of the petition initiating this proceeding leaving an unpaid balance of $ 2,500.00  . That the unpaid balance of said fee shall be paid as a priority administrative claim pursuant to 11 U.S.C. §507(a)(1) and §503(b) as follows:

          In such manner as the Trustee shall in his discretion determine in order to cause the Plan to continue to conform to the

confirmation order new act cases.wpd

        requirements of 11 U.S.C. §1325(a)(5)(B)(iii) and to provide for current payments proposed to be made by the Plan pursuant to 11 U.S.C. §1322(b)(5); provided, however, that said monthly payments shall not commence until the Debtor's counsel has submitted a written review of all claims filed in the case to the Estate Administrator for filing with the Court, and serve a copy thereof on the Trustee, said review to be dated and submitted after the last day to timely file claims has run. The payment of any said fees can be suspended or fees disgorged by the Court, after notice and hearing, if the Debtor's attorney fails and refuses to properly render all reasonable and ordinary legal services required to complete the Plan.

4. That the Debtor(s) shall maintain property damage insurance on any motor vehicles in which there is a security interest in an amount equal to the value thereof, and provide any such secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as loss payee. In the event the Debtor(s) fail or refuse to do so the Debtor(s) shall store any such vehicles, until such proof of insurance is provided to said secured party.

5. That the Debtor(s) shall maintain property damage insurance on any real estate in which there is a mortgage or that the Debtor is purchasing pursuant to a real estate contract in an amount equal to the value thereof, and provide any secured party with proof of insurance by a reputable insurance company authorized to do business in the State of Indiana showing the secured party as a loss payee. In the event of the Debtor(s) failure or refusal to do so the court shall enter such <u>ex parte</u> emergency relief as is just and proper under the circumstances.

6. That the Debtor(s) shall not incur any additional debt during the term of the Plan without the prior, written approval of the Trustee, except for emergency or routine medical, dental, optical, hospital, auto or home repair expenses.

7. That the Debtor(s) shall notify counsel for the Debtor(s) and the Trustee immediately in writing of any change in the Debtor's address, or of any termination, reduction of, or change in the Debtor's employment, or of any additional employment obtained.

8. That the Debtor(s) shall not mortgage, sell or otherwise dispose, transfer or encumber any personal or real property constituting property of the estate under 11 U.S.C. § 1306 on the date of the filing of the petition, without first obtaining written authorization by order from the Court after notice and hearing.

confirmation order new act cases.wpd

9. That any and all property of the estate on the date of entry of this order as defined by 11 U.S.C. § 1306 <u>shall not revest in the Debtor(s)</u> upon the entry of this order – pursuant to the Court's authority under 11 U.S.C. § 1327(b) – and all such property shall remain property of the estate of the Debtor(s) until determined otherwise by the Court or by operation of applicable law.

10. That the Debtor's attorney shall review all claims filed versus the Debtor's estate after the time has run to file claims to determine whether they are legally valid and correct in the amount claimed, and file a written report thereto with the Clerk of the Court, and serve a copy on the Trustee.

11. That any provision of the Plan notwithstanding, any lien held by a creditor having a secured claim provided for by the Plan under 11 U.S.C. § 1325(a)(5)(B) shall be retained by said creditor in conformity with 11 U.S.C. §1325(a)(5)(B)(i).

12. That any provision of the Plan notwithstanding, and despite confirmation of the Plan in advance of the closure of an applicable claim filing deadline, any timely filed claim shall be deemed allowed as filed with respect to the amount and categorization (as secured, priority, or unsecured) of said claim. The *prima facie* validity and amount of such claim provided for by Fed.R.Bankr.P. 3001(f) shall be overcome only by means of such proceedings specifically addressed to such claim as applicable law may require – including those under Fed. R. Bank. P. 3007, Fed. R. Bank. P. 3012 and/or Fed. R. Bank. P. 7001, – and not by provisions of the Plan.

13. That any provision of the Plan notwithstanding, any determination of dischargeability of a debt which requires separate determination by the Court shall not be affected by the Plan and shall be determinable by the Court as provided by applicable law by adversary proceeding.

14. The Debtor's failure to pay any tax liability required to be paid by the Debtor after the date of the filing of the petition shall constitute "cause" for dismissal of the Debtor's case pursuant to 11 U.S.C. §1307(c). The failure of the Debtor(s) to file a tax return that becomes due after the commencement of the case or obtain an extension of the due date thereof shall be subject to the provisions of 11 U.S.C. § 521(j).

15. That any provision of the Plan notwithstanding, any debt affected by the Plan in a manner not authorized by applicable law, including by the provisions of Title 11 of the United States Code, shall be subject to such remedies as are provided by applicable law apart from 11 U.S.C. §1330(a), including such remedies as are provided for by *Matter of Escobedo*, 28 F.3d 34 (7th Cir. 1994).

confirmation order new act cases.wpd

16. That any provision of the Plan notwithstanding, no creditor having a claim subject to 11 U.S.C. § 1322(b)(2) secured only by a security interest in real property which is the Debtor('s)(s') principal residence, which claim is provided for by the Plan pursuant to 11 U.S.C. §1322(b)(5), shall be required to request allowance by the Court of any addition to the indebtedness of the Debtor(s) to such creditor sought to be imposed subsequent to the filing of the petition initiating this case, as a condition of the legal effectiveness of such addition.  Any provision of the Plan which requires such a request/allowance is void under the provisions of 11 U.S.C. § 1322(b)(2), and this order of confirmation of the Plan hereby voids any such provision in the Plan. The legal effectiveness of any such addition shall be governed by otherwise applicable law, and not by such provision of the Plan.

17. That any provision of the plan notwithstanding, any provision of the plan which provides for:

   (a) Lien avoidance under 11 U.S.C. § 522(f); or

   (b) Strip down or diminishment in value of any security interest falling within the provisions of 11 U.S.C. § 1322(b)(2) as being secured only by a security interest in real estate that is the debtor's principal residence –

   requires a separate contested matter or adversary proceeding in order to effect and finalize the provisions of the plan.  Avoidance actions under 11 U.S.C. § 522(f) may be undertaken by motion under Fed.R.Bankr.P. 9014/ N.D.Ind.L.B.R. B-2002-2(a)(5).  Actions with respect to security interests falling within 11 U.S.C. § 1322(b)(2) must be undertaken by an adversary proceeding in accordance with the requirements of Fed.R.Bankr.P. 7001(2).

Dated at Hammond, Indiana on January 29, 2015.

/s/ J. Philip Klingeberger
J. Philip Klingeberger, Judge
United States Bankruptcy Court

Distribution
Debtor(s), Attorney for Debtor(s)
Trustee, U.S. Trustee
All Creditors
All Parties-in-Interest
Rev. 03/12/2009